COHEN, J.
Wyndham Vacation Resorts, Inc., and Wyndham Vacation Management, Inc. (collectively “Wyndham”) seek a writ of certio-rari to quash the trial court’s discovery order requiring them to produce unredact-ed employee W-2 forms, which display personal addresses, phone numbers, and social security numbers, as well as other documents containing the personal information of unit holders, revealing bank account numbers, credit card numbers, social security numbers, and contact information. Finding the trial court departed from the essential requirements of law, we grant the petition and quash the trial court’s order.
Ocean Walk Resort (“the Resort”) is a condominium development in Daytona Beach, Florida, consisting of a north and south tower. The north tower is governed by Ocean Walk II Vacation Condominium Association, Inc. (“VCA”), created in 2004. Respondent, Ocean Walk Resort Condominium Association, Inc. (“RCA”), created in 2001, is the condominium association responsible for operating the south tower of the Resort.
The south tower is comprised of three ownership classes: (i) whole unit owners; (ii) timeshare unit owners; and (iii) commercial unit owners. Although RCA oversees the affairs of all three ownership classes in the south tower, the timeshare unit owners are also governed by a separate association, Ocean Walk Vacation Ownership Association, Inc. (“VOA”).
On April 10, 2001, RCA entered into a management agreement with Wyndham, pursuant to which Wyndham was responsible for the operation, management, and maintenance of the south tower. Wynd-ham’s duties under the management agreement included, but were not limited to, maintaining the property in good condition and repair; maintaining RCA’s finan *594 cial records, books and accounts; and collecting assessments. Wyndham was also responsible for managing the north tower for VCA under a separate management agreement.
RCA filed a second amended complaint in the circuit court asserting fifteen counts for relief against Wyndham and its affiliates, stemming from Wyndham’s alleged mismanagement of RCA’s funds. RCA alleged that Wyndham, while acting as RCA’s manager pursuant to the management agreement, improperly used the dues and fees collected from RCA’s owners to pay Wyndham’s own expenses, the operating expenses of the north tower, and the expenses of the commercial south tower units, rather than RCA’s expenses. Among other claims, RCA contended that Wyndham improperly charged it for work that its employees performed for other Wyndham entities.
The order under review requires Wynd-ham to produce certain employee records, subject to the following limitations:
Subject to a strict confidentiality agreement that will be prepared by the parties, [Wyndham] shall produce [the] documents [RCA] has requested containing bank account numbers, credit card numbers, social security numbers, and personal contact information of timeshare owners, and salary, wage and W-2 information of all Wyndham employees who have worked on behalf of [RCA] at the [Resort] without redaction. The confidentiality agreement must state that [RCA] shall not make public the unre-dacted documents specified above except to use among [RCA] attorneys and experts. If [RCA] wants to disclose or show the documents to any other person or party, [RCA] is required to move the [e]ourt for an order authorizing such disclosure.
The required production would include social security, credit card, and bank account numbers, as well as the identification of spouses and dependents. It is invasive, overly broad and goes well beyond the information needed to accomplish the goals sought by its production.[1]
PETITION FOR WRIT OF CERTIO-RARI GRANTED; ORDER QUASHED; REMANDED.
ORFINGER, C.J., and TORPY, J., concur.

. We note in passing that the discovery requests in this case implicate significant privacy issues of not only the employees whose personal information was the subject matter of this petition, but also the owners of units within the subject property. While Wynd-ham's counsel expressed concern for maintaining the confidentiality of the requested records as part of a series of objections to the requested production, the privacy rights of the individuals involved were not considered.
As an employer, Wyndham does not have standing to raise the constitutionally protected privacy interest of the non-parties implicated by the discovery order. See Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 941 (Fla.2002). However, implicit in the discussion of the personal nature of privacy rights is the notion that non-parties have an opportunity to assert their privacy rights and seek protection from the court’s order. One is hard-pressed to assert a privacy right to such personal information as social security numbers, names of dependants and spouses, credit card numbers, and W-2 records, without being aware such information is being sought.